**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TOBY STANGEL, | No. 23-15980 |
| Petitioner-Appellant, | D.C. No. 1:22-cv-00067-JMS-KJM |
| v. | |
| SHAWN WEAD, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the District of Hawaii
J. Michael Seabright, District Judge, Presiding

Submitted October 7, 2024**
Honolulu, Hawaii

Before: MURGUIA, Chief Judge, and GRABER and MENDOZA, Circuit Judges.

Petitioner Toby Stangel ("Stangel") appeals the district court's denial of his

habeas petition under 28 U.S.C. § 2254, arguing that he was deprived of a federal

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

right to present a complete defense by the trial court's exclusion of Dr. Acklin's testimony. We have jurisdiction pursuant to 28 U.S.C. § 2253 and review de novo a district court's denial of a § 2254. *Ochoa v. Davis*, 50 F.4th 865, 876 (9th Cir. 2022). We affirm.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, governs our review. *See Lindh v. Murphy*, 521 U.S. 320, 322 (1997). Under AEDPA's deferential standard, Stangel must demonstrate that the last reasoned state court decision—the Hawaii Intermediate Court of Appeals' decision—is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id.* § 2254(d)(2); *Wilson v. Sellers*, 584 U.S. 122, 125 (2018); *Andrews v. Davis*, 944 F.3d 1092, 1107 (9th Cir. 2019) (en banc).

1.     Stangel argues that the Hawaii court's determination is contrary to Supreme Court precedent, which guarantees him a meaningful opportunity to present a complete defense, namely an insanity defense.[1] Though the Supreme Court has held that there is no right to a specific insanity defense instruction, *see*

---

[1]     In Hawaii this defense is known as the defense of lack of penal responsibility. Haw. Rev. Stat. § 704-400.

2

*Kahler v. Kansas*, 589 U.S. 271, 282 (2020) (noting that "'no particular' insanity test serves as 'a baseline for due process'" (quoting *Clark v. Arizona*, 548 U.S. 735, 752 (2006))), the Supreme Court has recognized a general due process right to "a meaningful opportunity to present a complete defense," *Crane v. Kentucky*, 476 U.S. 683, 690 (1986) (quoting *California v. Trombetta*, 467 U.S. 479, 485 (1984)). This right is violated when a state rule excludes "relevant exculpatory evidence," *Cudjo v. Ayers*, 698 F.3d 752, 765 (9th Cir. 2012), or when the rules are "'arbitrary' or 'disproportionate to the purposes they are designed to serve,'" *United States v. Scheffer*, 523 U.S. 303, 308 (1998). But the exclusion of proposed evidence as irrelevant to the crime or the affirmative defense, as defined by state law, does not violate state law. *See United States v. Sayetsitty*, 107 F.3d 1405, 1413 (9th Cir. 1997) ("We recognize that [petitioner] has no Due Process right to a defense of voluntary intoxication if the legislature chooses to exclude it." (citing *Montana v. Egelhoff*, 518 U.S. 37 (1996))).

The Hawaii court did not err for two reasons. First, Stangel does not argue that Hawaii Revised Statutes sections 704-400 and 720-230 are "arbitrary or disproportionate to the purposes they are designed to serve." *See Scheffer*, 523 U.S. at 308 (internal quotation marks omitted). Second, as the Hawaii court concluded, the trial court excluded Dr. Acklin's testimony as a matter of discretion. Regarding pathological intoxication, the trial court determined that Dr. Acklin did

3

not have adequate qualifications, nor could he testify to the details necessary to determine whether Stangel qualified for a pathological intoxication defense. And considering voluntary intoxication, the trial court concluded that, at the time, Dr. Acklin's testimony would have confused and misled the jury given *State v. Young*, 999 P.2d 230 (Haw. 2000).[2]

Moreover, even if the exclusion of Dr. Acklin's testimony was a misapplication of Hawaii law, in light of *State v. Albion*, 478 P.3d 270 (Haw. 2020), that itself would not establish a violation of a clearly established federal right as determined by Supreme Court precedent. *See Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (per curiam).

2. To the extent that Stangel raises uncertified claims, we construe his arguments as a motion to expand the certificate of appealability and deny the motion. *See* 9th Cir. R. 22–1(e); *Hiivala v. Wood*, 195 F.3d 1098, 1104–05 (9th Cir. 1999) (per curiam).

**AFFIRMED.**

---

[2] The trial court applied Hawaii Rule of Evidence 403, which is nearly identical to Federal Rule of Evidence 403. Unsurprisingly, the Supreme Court has recognized Rule 403 to be "unquestionably constitutional." *Egelhoff*, 518 U.S. at 42.

4